UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

MIMEDX GROUP, INC.
Plaintiff,

v.

VIVEX BIOMEDICAL, INC.
Defendant.

Civil Action No. 1:16-CV-01079-MHC

(JURY TRIAL DEMANDED)

**ORIGINAL ANSWER TO COMPLAINT FOR PATENT INFRINGEMENT, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

Defendant, Vivex Biomedical, Inc. (hereinafter referred to as "Defendant" or "Vivex") respectfully files this Original Answer to Complaint for Patent Infringement, Affirmative Defenses and Counterclaims, and allege as follows:

**ANSWER**

Plaintiff's Complaint is answered in the same numerical order as the numbered paragraphs contained therein.

**RESPONSE TO ALLEGATIONS PERTAINING TO NATURE AND BASIS OF ACTION**

1. Vivex admits this action arises under the patent laws of the United States. The remaining allegations contained in Paragraph No. 1 are denied, and expressly denies that it committed any acts of infringement.

2. Vivex admits Plaintiff seeks relief identified in Paragraph No. 2 but denies Plaintiff is entitled to such relief.

## RESPONSE TO ALLEGATIONS PERTAINING TO PARTIES

3. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 3 and therefore denies the same.

4. Vivex has its principal place of business at 3200 Windy Hill Road, Suite 1650W, Atlanta, GA 30339. Vivex admits the remaining allegations contained in Paragraph No. 4.

5. Vivex admits the allegations contained in Paragraph No. 5.

6. Vivex admits it distributes Cygnus Solo and Cygnus and that Tissue Transplant supplies tissue graft products under the brand Cygnus Solo and Cygnus. Vivex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 6 and therefore denies the same.

7. Vivex admits the allegations contained in Paragraph No. 7.

8. Vivex admits it distributes placental tissue graft products including Cygnus that are supplied by Tissue Transplant. Vivex is without sufficient

information to admit or deny the remainder of the allegations contained in Paragraph No. 8 and therefore denies the same.

## RESPONSE TO ALLEGATIONS PERTAINING TO JURISDICTION AND VENUE

9. Vivex admits the allegations contained in Paragraph No. 9.

10. Vivex admits it transacts business within the State of Georgia, admits this Court has personal jurisdiction and admits to placing products into the stream of commerce. Vivex denies the remainder of the allegations contained in Paragraph No. 10, and expressly denies that it has engaged any acts of patent infringement.

11. Vivex admits that personal jurisdiction is proper in this Court. Vivex admits that it owns property and maintains employees in this State. Vivex denies the remaining allegations contained in Paragraph No. 11.

12. Vivex admits to the allegations contained in Paragraph No. 12.

## RESPONSE TO ALLEGATIONS PERTAINING TO BACKGROUND

### I. RESPONSE TO ALLEGATIONS PERTAINING TO MIMEDX AND ITS PRODUCTS

13. Vivex admits MiMedx offers products processed from placental human amniotic membrane. Vivex is without sufficient information to admit or

deny the remainder of the allegations contained in Paragraph No. 13 and therefore denies the same.

14. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 14 and therefore denies the same.

15. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 15 and therefore denies the same.

16. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 16 and therefore denies the same.

17. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 17 and therefore denies the same.

18. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 18 and therefore denies the same.

19. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 19 and therefore denies the same.

20. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 20 and therefore denies the same.

21. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 21 and therefore denies the same.

22. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 22 and therefore denies the same.

23. Vivex admits MiMedx offers the EpiFix® and AmnioFix® products. Vivex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 23 and therefore denies the same.

24. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 24 and therefore denies the same.

## II. RESPONSE TO ALLEGATIONS PERTAINING TO THE PATENT-IN-SUIT

25. Vivex admits MiMedx is identified as the owner of the Patent-in-Suit. Vivex is without sufficient information to admit or deny the remainder of the allegations contained in Paragraph No. 25 and therefore denies the same.

26. Vivex admits that the U.S. Patent and Trademark Office records state on their face that United States Patent No. 8,709,494 ("the '494 patent") is entitled "Placental Tissue Grafts," was issued on April 29, 2014, and identifies John Daniel as an inventor. Vivex denies the remainder of the allegations contained in Paragraph No. 26.

27. Vivex admits that the U.S. Patent and Trademark Office records state on their face that MiMedx is identified as an assignee of the'494 patent and that

Exhibit A purports to be the ’494 patent. Vivex denies the remainder of the allegations contained in Paragraph No. 27.

## III. RESPONSE TO ALLEGATIONS PERTAINING TO INFRINGEMENT OF THE PATENT-IN-SUIT

28. Vivex admits the allegations contained in Paragraph No. 28.

29. Vivex admits it has distributed placental tissue-based products, including Cygnus, provided by Tissue Transplant. Vivex denies the remainder of the allegations contained in Paragraph No. 29.

30. Vivex admits the allegations contained in Paragraph No. 30.

31. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 31 therefore denies the same.

32. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 32 therefore denies the same.

33. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 33 therefore denies the same.

34. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 34 therefore denies the same.

35. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 35 therefore denies the same.

36. Vivex is without sufficient information to admit or deny the allegations contained in Paragraph No. 36 therefore denies the same.

37. Vivex denies the allegations contained in Paragraph No. 37, and expressly denies that it committed any acts of infringement.

38. Paragraph 38 contains a legal conclusion and allegation to which no answer is required. To the extent an answer is required, Vivex denies the allegations contained in Paragraph No. 38.

39. Paragraph 39 contains a legal conclusion and allegation to which no answer is required. To the extent an answer is required,Vivex denies the allegations contained in Paragraph No. 39.

40. Paragraph 40 contains a legal conclusion and allegation to which no answer is required. To the extent an answer is required, Vivex denies the allegations contained in Paragraph No. 40.

## RESPONSE TO ALLEGATIONS PERTAINING TO COUNT 1

41. Vivex repeats and incorporates by reference, as if fully set forth herein, all of their responses to Paragraphs 1 through 40 of the Complaint.

42. Vivex denies the allegations contained in Paragraph No. 42.

43. Vivex denies the allegations contained in Paragraph No. 43.

44. Vivex denies the allegations contained in Paragraph No. 44.

45. Vivex denies the allegations contained in Paragraph No. 45.

46. Vivex denies the allegations contained in Paragraph No. 46.

47. Vivex denies the allegations contained in Paragraph No. 47.

48. Vivex denies the allegations contained in Paragraph No. 48.

49. Vivex denies the allegations contained in Paragraph No. 49.

50. Vivex denies the allegations contained in Paragraph No. 50.

## PRAYER FOR RELIEF

Vivex denies Plaintiff is entitled to any the relief requested in the Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Further answering the Complaint, Defendant Vivex asserts the following defenses. Defendant specifically reserves the right to amend its Answer as additional information becomes known through the course of discovery.

1. Vivex has not directly infringed and does not infringe, directly, contributorily or by inducement, willfully or otherwise, any valid claim of the '494 patent under 35 U.S.C. § 271 and is not liable for any acts of infringement of the '494 patent.

2. At least one claim of the ’494 patent is invalid, void, and/or unenforceable for failure to comply with the statutory prerequisites of Title 35 of the United States Code, including without limitation, one or more of §§ 101, 102, 103, and 112, and/or under the doctrine of obviousness-type double patenting, which will be set forth in detail in Vivex’s Invalidity Contentions at the appropriate time under the Court’s Scheduling Order.

3. Plaintiff is estopped, based on statements, representations, and admissions made during the prosecution of the patent application resulting in the ’494 patent and/or any related patents and applications, from asserting any construction of any of the claims of the ’494 patent that contradicts or is inconsistent with arguments made during prosecution of the patent application resulting in the ’494 patent and/or any related patents and applications.

4. The ’494 patent is invalid, void, and/or unenforceable for failure to comply with inventorship requirements. Based on information and belief, Randall Spencer conceived and/or reduced to practice several elements of the claimed ’494 patent.

5. MiMedx is not entitled to a double recovery. To the extent MiMedx prevails in the lawsuit against THB and/or Tissue Transplant in the lawsuit styled *MiMedx Group, Inc. v. Tissue Transplant Technology, Ltd. et al.*, 5:14-cv-00719-

FB (W.D. Tex.) regarding products Tissue Transplant sold to Vivex, MiMedx cannot seek or obtain damages against Vivex for those same products.

## DEFENDANT'S COUNTERCLAIMS

Defendant, Vivex Biomedical, Inc., by way of Counterclaims against Plaintiff/Counter-Defendant MiMedx Group, Inc. ("MiMedx), alleges as follows:

### Nature and Basis of Action

1. This is an action for declaratory judgment for non-infringement and invalidity with respect to U.S. Pat. No. 8,709,494 ("the '494 patent").

### Parties

2. Counter-Plaintiff Vivex Biomedical, Inc. is a corporation organized under the laws of the State of Delaware and maintains its principal place of business at 3200 Windy Hill Road, Suite 1650W, Atlanta, GA 30339.

3. Counter-Defendant MiMedx is a corporation organized and existing under the laws of the State of Florida and maintains its headquarters and principal place of business at 1775 West Oak Commons Ct., Marietta, Georgia 30062.

### Jurisdiction and Venue

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201(a) and 2202. This Court has personal jurisdiction over MiMedx as MiMedx has availed itself to the jurisdiction of this Court by filing the above-styled lawsuit in this District.

5. Venue is proper in this District as MiMedx is asserting infringement of the ’494 patent against Counter-Plaintiff in this Court.

**Background**

6. Based on allegations in the Complaint, the ’494 patent, entitled “Placental Tissue Grafts,” was issued on April 29, 3014. The named inventor assigned the patent to MiMedx.

7. Based on allegations in the Complaint, there exists an actual controversy between the parties. Counter-Defendant MiMedx alleges Vivex previously and is currently infringing the ’494 patent through the manufacture, use, selling, and/or offering for sale of its placental tissue based products, including Cygnus.

**COUNTERCLAIM I**
**DECLARATORY JUDGMENT OF NON-INFRINGEMENT**

8. Vivex restates and realleges each of the foregoing Paragraphs 1-7 as if fully set forth herein.

9. Vivex does not infringe, nor has it infringed, directly or indirectly, any valid claim of the ’494 patent, either literally or under the doctrine of equivalents through its manufacture, use, selling, and/or offering for sale of its placental tissue based products, including Cygnus.

10. A judicial declaration is necessary and appropriate so that Vivex may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the ’494 patent.

## COUNTERCLAIM II
## DECLARATORY JUDGMENT OF INVALIDITY

11. Vivex restates and realleges each of the foregoing Paragraphs 1-10 as if fully set forth herein.

12. There exists an actual controversy between the parties as to the validity of the ’494 patent with respect to which Vivex requests a declaratory judgment that the ’494 patent is invalid for failing to satisfy at least one of 35 U.S.C. §§ 101, 102, 103, 112, and/or applicable case law.

13. A judicial declaration is necessary and appropriate so that Vivex may ascertain its rights, and the consequent rights of its customers, suppliers, manufacturers, distributors, resellers, and end users of its products, with respect to the ’494 patent.

## JURY DEMAND

Vivex hereby demands a trial by jury on all issues triable to a jury.

## PRAYER

WHEREFORE, Defendant Vivex Biomedical, Inc. respectfully requests that the Court enter judgment in favor of Vivex granting the following relief:

a) A declaration that Vivex Biomedical, Inc. has not infringed and does not infringe any valid claim of the '494 patent;

b) A declaration that all claims of the '494 patent are invalid for failure to meet the conditions of patentability and/or otherwise comply with the requirements of 35 U.S.C. §§ 100 et seq. 101, 102, 103, and/or 112, and applicable case law;

c) An injunction against MiMedx and its officers, agents, servants, employees, attorneys, and others in active concert or participation with any of them from asserting infringement or instituting or continuing any legal action for infringement of the '494 patent against Vivex or its customers, suppliers, manufacturers, distributors, resellers, or end users of its products;

d) An order declaring that this is an exceptional case and awarding Vivex its costs, expenses, disbursements and reasonable attorneys' fees under 35 U.S.C. § 285 and all other applicable statutes, rules and common law; and

e) Such other and further relief as this Court may deem just and proper.

Respectfully Submitted:

/s/ *Alyson L. Wooten*
Vaibhav P. Kadaba
Alyson L. Wooten
**KILPATRICK TOWNSEND & STOCKTON LLP**
1100 Peachtree St. NE
Suite 2800
Atlanta, GA 30309-4528
wkadaba@kilpatricktownsend.com
awooten@kilpatricktownsend.com
Telephone: 404-815-6652
Facsimile: 404-541-4664

Robert L. McRae
(*pro hac vice* application pending)
Texas Bar No. 24046410
rmcrae@gunn-lee.com
Jason E. McKinnie
(*pro hac vice* application pending)
Texas Bar No. 24070247
jmckinnie@gunn-lee.com
GUNN, LEE & CAVE, P.C.
300 Convent St., Suite 1080
San Antonio, TX 78205
Telephone: (210) 886-9500
Facsimile: (210) 886-9883

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day June, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Wesley C. Achey
Matthew W. Howell
Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7000 – Telephone
Wes.achey@alston.com
Matthew.howell@alston.com

***Attorneys for Plaintiff MiMedx Group, Inc.***

And I hereby certify that I have mailed the document by U.S. Postal Service to the following non-CM/ECF participants:

Deepro R. Mukerjee
Poopak Banky
Alston & Bird, LLP
90 Park Avenue
New York, NY 10016
(212) 210-9400 – Telephone
Deepro.mukerjee@alston.com
Paki.banky@alston.com

***Attorneys for Plaintiff MiMedx Group, Inc.***